IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRANDON E. GRAY, )
 )
        Plaintiff, )
 )
vs )    NO. CIV-13-1364-D
 )
VENABLE'S WELDING AND )
ROUSTABOUT, INC., )
 )
        Defendant. )

## **O R D E R**

Before the Court is Defendant's partial motion to dismiss [Doc. No. 4]. The motion is directed only to Plaintiff's third cause of action. Plaintiff has filed a response to Defendant's motion [Doc. No. 7], and the time for filing a reply brief has expired.

Plaintiff's third cause of action is predicated on an alleged violation of Okla. Stat. tit. 40, § 167, made actionable by Okla. Stat. tit. 40, § 170. Section 167 provides as follows:

> It shall be unlawful for any employer of labor doing business in the state, to induce, influence, persuade or engage workmen to change from one place to another in the state, or to bring workmen of any class or calling into this state to work in any of the departments of labor, through or by means of false or deceptive representations, false advertising or false pretenses <u>concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work or the sanitary or other conditions of employment or as to the existence or nonexistence of a strike or other trouble pending between employer and employees</u>, at the time of or prior to such engagement. Failure to state in an advertisement, proposal or

> contract for the employment of workmen that there is a strike, lockout or other labor trouble at the place of the proposed employment, when in fact such strike, lockout or other labor troubles then actually exists at such place, shall be deemed a false advertisement and misrepresentation for the purpose of this section.

*See* Okla. Stat. tit. 40, § 167 (emphasis added).

Defendant asserts that Plaintiff has failed to state a claim for a violation of that statute, arguing that the kinds of "misrepresentations prohibited by the statute are limited to those regarding conditions typically associated with labor disputes: the character of the work to be done, pay, sanitary conditions, and the existence of labor disputes." *See* Motion at p.5 (quoting *Matthews v. LaBarge, Inc.*, 407 F. App'x 277, 281 (10th Cir. 2011)). Plaintiff in response asserts that "Defendant's argument narrows the scope of the statute beyond what the legislature intended," Response at p.3, and that by its terms the statute does not apply only to misrepresentations concerning labor disputes. Plaintiff refers the Court to a similar California statute which has been broadly interpreted.

The Court agrees with Plaintiff that the statute by its terms prohibits misrepresentations that do not necessarily relate to labor disputes. However, the Oklahoma statute, unlike the California statute cited by Plaintiff, does not prohibit misrepresentations concerning the *existence* of work, which is what Plaintiff complains of in his third cause of action.[1] The Oklahoma statute does prohibit misrepresentations concerning the kind and

---

[1] *See* Cal. Lab. Code § 970(a) (prohibiting inducement of workers to relocate based on false representations concerning "[t]he kind, character, or existence of such work").

2

character of the work to be done or the compensation to be paid, but that is not what Plaintiff alleges. Rather, he claims that he was induced to leave Mississippi and come to Oklahoma by a statement of Defendant's representative that Plaintiff and his cousin would have jobs with Defendant as welder helpers if they came here. *See* Petition [Doc. No. 1-2] at ¶¶ 12, 32-34. Plaintiff alleges that when they arrived at Defendant's offices, they were told by another representative that Defendant was no longer hiring welder helpers. *Id.* at ¶ 35. Plaintiff specifically identifies the false or deceptive representations forming his third cause of action as "Defendant's statements regarding its availability of work for Plaintiff." *Id*. at ¶ 37.

In short, Plaintiff does not allege Defendant made a false representation "concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work or the sanitary or other conditions of employment or as to the existence or nonexistence of a strike or other trouble pending between employer and employees," prohibited by Okla. Stat. tit. 40, § 167. Thus, Plaintiff has failed to state a claim for a violation of the statute.

Therefore, Defendant's partial motion to dismiss [Doc. No. 4] is GRANTED, and Plaintiff's third cause of action is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6). Because Plaintiff does not request leave to amend his pleading, and because it appears from the

specificity of Plaintiff's pleading that leave to amend would be futile, the Court finds that the dismissal should be with prejudice to further amendment.[2]

IT IS SO ORDERED this 3rd day of March, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) ("Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave."); *see also Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989).